IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Antwyn Gibbs, | ) | Case No. 6:21-cv-03784-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| US Government and Newberry Sheriff Department, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On May 2, 2022, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance of service of process. ECF No. 30. Plaintiff filed objections to the Report. ECF No. 32.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal because the Complaint is barred by res judicata. ECF No. 30. Upon de novo review of the Report, the record, and the applicable law, the Court agrees.[1] Plaintiff is attempting to relitigate claims that have been adjudicated and decided in both this Court and in the United States District Court for the Southern District of West Virginia. As explained in more detail by the Magistrate Judge, Plaintiff's claim that his rights were violated by a search on his mother's house has been raised to and ruled upon by the undersigned. *Id.* at 4; *see also Gibbs v. Johnson*, C/A No. 8:20-cv-00716-DCC, 2020 WL 6110973 (D.S.C. Oct. 16, 2020). Plaintiff has raised his remaining claims in the Southern District of West Virginia. *See Gibbs v. Ames*, C/A No. 2:21-cv-00392, 2022 WL 636634 (S.D. W. Va. Mar. 4, 2022).

---

[1] In his Report, the Magistrate Judge noted that Plaintiff had submitted letters from family members and commented that Plaintiff could not bring claims on their behalf. ECF No. 30 at 3. In his objections, Plaintiff does not appear to contest that comment but instead states that he should be able to use the letters as exhibits. ECF No. 32 at 2. As Plaintiff's claims are subject to res judicata, the Court declines to consider any letters by family members.

While Plaintiff has raised these claims as to different Defendants[2] than his prior cases, nevertheless, his claims are barred by res judicata.[3] *See Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004) (holding that the application of res judicata requires (1) a final judgment on the merits in a prior suit; (2) the identity of the cause of action in both suits; and (3) the same parties or their privies in the two suits (citing *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981))); *Orca Yachts L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (noting that claim preclusion applies when there has been a valid and final judgment, even if the matter was not actually litigated (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996))).

---

[2] Res judicata bars the same claims against the same parties and those in privity with them. "To be in privity with a party to a former litigation, the non-party must be so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Brown v. South Carolina*, No. CA 3:13-2983-MBS, 2014 WL 4826152, at *3 (D.S.C. Sept. 24, 2014), *aff'd,* 589 F. App'x 190 (4th Cir. 2015) (quoting *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005)).

[3] The Court finds that, in the alternative, Plaintiff's claims are barred by collateral estoppel. *See Whitt v. Wells Fargo Fin., Inc.*, 664 F. Supp. 2d 537, 542 (D.S.C. 2009) ("A party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements: (1) that the issue sought to be precluded is identical to one previously litigated; (2) that the issue was actually determined in the prior proceeding; (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) that the prior judgment is final and valid; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum." (quoting *Collins v. Pond Creek Mining Co.,* 468 F.3d 213, 217 (4th Cir. 2006))).

## CONCLUSION

Accordingly, the Court adopts the Report of the Magistrate Judge. This action is **DISMISSED** without prejudice and without issuance of service of process.[4] Because Plaintiff cannot cure the defects identified above, the Court declines to automatically give him leave to amend his Complaint. See *Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020) (citing *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015)).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 10, 2022
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] In his objections, Plaintiff requests injunctive and declaratory relief in addition to money damages. ECF No. 32 at 3. Plaintiff's request for a temporary restraining order or a preliminary injunction is denied because Plaintiff has not demonstrated a likelihood of success on the merits for the reasons discussed above. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (a movant seeking injunctive relief must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest"); *Sauer-Danfoss (US) Co. v. Nianzhu Luo*, C.A. No. 8:12-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (the standard for granting a request for a TRO and entering a preliminary injunction are identical). The Court also denies Plaintiff's request for a "binding statement of [his] legal rights."

4